# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TORANCE W. LACOUR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )    **Case No. 11-CV-089-TCK-FHM** |
| | ) |
| **METROPOLITAN TULSA TRANSIT** | ) |
| **AUTHORITY, and SEVERAL** | ) |
| **UNNAMED EMPLOYEES,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court are the Motion to Vacate Judgment/Request for Evidentiary Hearing (Doc. 72), Motion for Preservation Order (Doc. 73), and Motion for Default (Doc. 74) filed by pro se Plaintiff Torance W. LaCour.

### I.    Background

Plaintiff initiated this action by filing a Complaint on February 8, 2011 (Doc. 2), alleging that Defendant Metropolitan Tulsa Transit Authority violated his constitutional rights by denying him entry to a bus and failing to timely respond to his formal complaint.  On September 21, 2011, the Court considered all of Plaintiff's potential constitutional claims and granted Defendant's Motion to Dismiss (Doc. 49).  The Court entered a judgment of dismissal, and this case was closed (Doc. 50).

On September 21, 2012, Plaintiff filed a Motion to Vacate pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Doc. 55).  The Court denied Plaintiff's Motion to Vacate on October 31, 2012 (Doc. 58).  Plaintiff subsequently appealed the Court's denial of his Motion to

Vacate to the Tenth Circuit Court of Appeals (Doc. 60).  On December 27, 2012, the Tenth Circuit dismissed Plaintiff's appeal for lack of prosecution (Doc. 69).

## II.     Motion to Vacate

Plaintiff has now filed a second Motion to Vacate pursuant to Rule 60(b).  Rule 60(b) provides:

> [A] court may relieve a party . . . from final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(e);
> (3) fraud (whether previously called intrinsic or extrinsic, misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Relief under Rule 60(b) is considered "extraordinary" and should "only be granted in exceptional circumstances."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).

Much of Plaintiff's successive Rule 60(b) motion merely reiterates the arguments previously made by Plaintiff and rejected by this Court.  Plaintiff also attaches newly discovered evidence to his successive 60(b) motion which he alleges "brings new issues to be addressed."  However, such evidence consists of nothing more than an e-mail from Defendant's general manager addressing Defendant's retention policy with regard to surveillance video.  (*See* Mot. to Vacate 11.)  The e-mail says nothing about whether video was kept regarding the incident of which Plaintiff complains.  Defendant's retention policy would have been available to Defendant at the time he filed his prior Rule 60(b) motion.  Therefore, the Court finds no grounds for vacating its judgment of dismissal.  *See United States v. 1,100 Machine Gun Receivers*, 9 F. App'x 815, 817 (10th Cir. 2001) (finding

2

a successive Rule 60(b) motion to be an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.  Absent extraordinary circumstances, not present here, the basis for the second motion must not have been available at the time the first motion was filed.").

### III.     Motions for Preservation Order and Default

Plaintiff has also filed a Motion for Preservation Order, asking the Court to enter an order "to prevent defendant MTTA from altering or destroying such information, contingent to that they know, or reasonably should know is relevant [sic] to the above titled action." (Mot. for Preservation Order 1.)  Plaintiff also requests the Court enter a default judgment against Defendant for failure to timely respond to Plaintiff's Motion to Vacate.

Plaintiff is reminded that this case is closed.  His attempts to vacate the order and judgment closing this case have been repeatedly rejected by this Court and the Tenth Circuit.  Defendant has no obligation to preserve evidence and cannot be in default in a case that has already been adjudicated.  The Court cautions Plaintiff that any further filings on meritless matters may result in summary disposition without discussion and an order requiring him to show cause why the Court should not limit his future filings and impose sanctions.  *See United States v. Evans*, 248 F. App'x 53, 57 (10th Cir. 2007).

3

**VI.     Conclusion**

For the foregoing reasons, Plaintiff's Motion to Vacate Judgment/Request for Evidentiary

Hearing (Doc. 72), Motion for Preservation Order (Doc. 73), and Motion for Default (Doc. 74) are

DENIED.

**SO ORDERED this 5th day of December, 2013.**

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**